UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY R. WAACK and CRYSTAL WAACK

      Plaintiffs,

v.                                                                                          Case No: 11-11333
                                                                    Honorable Julian Abele Cook, Jr.
BANK OF AMERICA, BAC HOME LOANS
SERVICING, LLP, CRESLIGH FINANCIAL
SERVICES, JOHN DOE, and MARY ROE

      Defendants.

ORDER

In this action, the Plaintiffs, Timothy and Crystal Waack (collectively identified as "the Waacks"), seek to obtain damages from the Defendants, Bank of America et al[1] for their wrongful actions which resulted in the foreclosure of their home. Although this lawsuit was originally filed in the Wayne County Circuit Court of Michigan, it was subsequently removed to this Court on the basis of its diversity jurisdiction. 28 U.S.C. §§ 1332; 1441; 1446.

Now pending before the Court is a motion to dismiss by two of the Defendants; namely, Bank of America and BAC Homes Loans Servicing.

I.

This case relates to the foreclosure of a home at 20424 Angling Street in Livonia, Michigan. On December 21, 2001, $197,500.00 was obtained by the Waacks as a refinancing loan from

---

[1] In addition to the Bank of America, the Waacks have identified the following entities/ persons as Defendants in this action: BAC Home Loans Servicing, LLP ("BAC Home Loans), Cresligh Financial Services ("Cresligh Financial"), John Doe, and Mary Roe.

1

Cresleigh Financial. Their loan was secured by the placement of a mortgage on the Angling Street property (ECF 6, Ex. 1) which was signed by the Waacks on December 21, 2001. On September 11th of the following year, Cresleigh Financial assigned its interest in the mortgage to Countrywide Home Loans, Inc. ("Countrywide").[2] On May 24, 2010, Countrywide transferred its interest in the mortgage to BAC Home Loans.[3]

During the early months of 2010, the Waacks failed to satisfy their respective financial obligations under the mortgage, and in so doing, found themselves in default. On May 6th, Bank of America transmitted a notice of acceleration to the Waacks. (ECF 6, Ex.5). A sheriff's sale followed on September 8th, with the title to the Angling Street property being conveyed to Bank of America.[4]

II.

In their motion to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 9(b), the Defendants assert that the Waacks (1) do not have any standing to assert an interest in the Angling Street property, (2) have failed to state a claim upon which relief can be granted, and (3) did not plead their allegations of fraud with any reasonable degree of specificity.

Fed. R. Civ. P. 12(b)(1) provides for a motion to dismiss for lack of subject matter jurisdiction. A party's lack of standing to prosecute a claim subjects it to a dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g. Allen v. Wright*, 468 U.S. 737 (1984); *see also Ward v. Alternative Health Delivery Systems, Inc.,* 261 F.3d 624, 626 (6th

---

[2]This instrument was recorded with the Wayne County Register of Deeds on February 13, 2003. (ECF 6, Ex. 3).

[3]This transfer to BAC Home Loans was recorded by the Wayne County Register of Deeds on June 2, 2010. (ECF 6, Ex. 4).

[4]A sheriff's deed, which reflected the sale, was recorded with the Wayne County Register of Deeds on September 20, 2010. (ECF 6, Ex. 8).

Cir.2001) ("standing is thought of as a jurisdictional matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction.").

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleadings. When deciding a motion under this Rule, the court need not accept as true "legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Rule 12(b)6) requires that a complaint "contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citation omitted). Factual allegations must be enough to raise a right to relief "above the speculative level that all the allegations in the complaint are true." *Id.* at 555. A court must construe a complaint in favor of the plaintiff, accept allegations of the complaint as being correct, and determine whether the factual allegations have presented a plausible claim for relief. *Id*.

Fed. R. Civ P. 9(b) requires a party to allege fraud or mistake with particularity. Under this Rule, a plaintiff "must at a minimum allege the time, place and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir.1984). Furthermore, the proponent must also set forth the identity of the person who made the alleged misrepresentations. *Hoover v. Langston Equip. Assoc., Inc.,* 958 F.2d 742, 745 (6th Cir.1992). The complaint, or any part thereof, may be dismissed because of the plaintiff's failure to state a claim if the particularity requirement is not met. *Sanderson v. HCA- The Healthcare Co.,* 447 F.3d 873, 877 (6th Cir.2006) (internal citation omitted).

Since this action was initiated in a federal court by invoking its diversity jurisdiction, a court must apply the same substantive law that would be applied if the lawsuit had been brought in a state

court of the same jurisdiction in which the federal court is located. *Equitable Life Assur. Soc. of U.S. v. Poe,* 143 F.3d 1013, 1016 (6th Cir. 1998). Thus, inasmuch as this Court has diversity jurisdiction and the Waacks have only asserted state causes of action, the laws of Michigan law will be applied to the substantive issues of this case.

### III.

In this case, the Defendants collectively contend that they are entitled to relief because the Waacks lack standing to assert any claim against them as it relates to the foreclosure of their home in Livonia, Michigan, citing to the expiration of the statutory redemption period on March 8, 2011. In response, the Waacks submit that the existence of fraud and other irregularities by the Defendants enables them to pursue their claims in this Court.

It is well-settled law in Michigan that the mortgagors "lose all the right, title, and interest" in the property upon the expiration of the statutory redemption period. Without any fee authority, a mortgagor no longer retains the legal ability to raise any claims with regard to the foreclosed property. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187-188 (1942); *Overton v. Mortgage Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were expired."); see *Stein v. U.S. Bancorp,* No. 10-14026, 2011 WL 740537, at *4 (E.D. Mich. Feb. 24, 2011) ("The standard under *Piotrowski* has been applied by Michigan courts - and by federal courts applying Michigan law - to bar former owners from making any claims with respect to the property after the end of the redemption period."), *Moriarty v. BNC Mortgage, Inc.,* No. 10-13860, 2010 WL 5173830, at *2 (E.D. Mich. Dec. 15, 2010) ("Pursuant to Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are

extinguished. At that point, the former owner loses standing to assert claims with respect to the property."), *Smith v. Wells Fargo Home Mortgage, Inc.,* No. 09-13988 (Aug. 16, 2010), ECF No. 26. ("When the redemption period expires, the purchaser of the sheriff deed is vested with 'all the right, title, and interest' in the property . . . . Because Plaintiffs lost any 'legal or equitable right, title or interest in the subject matter of the controversy,' [they] no longer have standing.") Michigan law does not allow for an extension of the redemption period from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement in the "absence of a clear showing of fraud, or irregularity." *Moriarty,* 2010 WL 5173830, at *2 (quoting *Schulthies v. Barron,* 16 Mich. App. 246, 247-248 (Mich. Ct. App. 1969)), *Overton,* 2009 WL 1507342, at *1. The Michigan Supreme Court has held that a "strong case of fraud or irregularity" is needed to meet this burden. *U.S. v. Garno,* 874 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Agozzinio,* 280 Mich. 402, 405-406 (1937)).

Here, there is no dispute that the six-month statutory redemption period for the Sheriff's Sale has expired. See Mich. Comp. Laws. § 600.3240(8). Thus, if the Waacks' are to have any standing in this case, a clear showing of fraud or irregularity must be made by them.

A.

In Count I of the complaint, the Waacks have proffered claims of "fraud/accident/mistake." In order to adequately plead fraud in a complaint, a party must comply with Rule 9(b) which requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy the particularity requirements of this Rule, a plaintiff, at minimum, must

"allege the time, place, and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir. 1984). Specifically, the Sixth Circuit has held that the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008). The threshold test is "whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant...to answer, addressing in an informed way the [plaintiff's] claim of fraud. *Coffey v. Foamex,* 2 F.3d 157, 162 (6th Cir. 1993).

The Waacks' complaint does not contain sufficient particularity upon which to maintain a claim for fraud. Although the Waacks, in their complaint, assert that they were (1) encouraged by the Defendants to allow their mortgage payments to become delinquent, and (2) told that a foreclosure on their home would not occur, this pleading is silent as it relates to the identity of the speaker, and why the statements were fraudulent. Compl. ¶¶44-48. *See Gupta v. Terra Nitrogen Corp.* 10 F. Supp. 2d 879 (N.D. Ohio 1998) *aff'd by Gupta v. Terra Nitrogen Corp.,* 202 F.3d 268 (6th Cir. 1999) (dismissing claim of fraud since complaint did not identify specific statements by plaintiff that were allegedly fraudulent, who made allegedly false statements, and when allegedly false statements were made.) Most importantly, the Waacks' claims must fail because they have not shown any reasonable reliance upon the alleged fraudulent representations. To proffer a legitimate claim of fraud, there must be evidence of a reasonable reliance on any alleged misrepresentation. . *Novak v. Nationwide Mut. Ins. Co.,* 235 Mich. App. 675, 690 (Mich. Ct. App. 1999) ("a person who unreasonably relies on false statements should not be entitled to damages for misrepresentation.").

Here, the record in this cause reflects that Waacks signed the mortgage and a note which included a warning that a default by them would enable the Bank of America to foreclose on the Angling Street property. Thus, on the basis of this record, they would not have any basis upon which to base their claim of fraud on the Defendants' alleged misrepresentations relating to the terms of the loan. Hence, the Waack's fraud claims must be dismissed.

B.

Turning now to the Waacks' negligence claims, they - in order to establish a *prima facie* case for this tort under Michigan law - have the burden of showing "(1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached the duty, (3) that the defendant's breach of duty caused the plaintiff injuries, and (4) that the plaintiff suffered damages." *Lelito v. Monroe*, 273 Mich. App. 416, 418-19 (Mich. Ct. App.2006).

"Duty" refers to a legally recognized obligation to conform to a particular standard of conduct toward another. *Rakowski v. Sarb*, 269 Mich.App. 619, 629 (Mich. Ct. App. 2006). Whether a duty exists is normally a question of law for the court. *Brown v. Brown*, 478 Mich. 545, 552 (Mich. 2007). In 2007, the Michigan Supreme Court defined duty as a "question of whether the defendant is under any obligation for the benefit of the particular plaintiff and concerns the problem of the relation between individuals which imposes upon one a legal obligation for the benefit of the other." *Brown*, 478 Mich at 553 (internal citation and quotations omitted). As a general rule, a lender does not have an independent legal duty to exercise reasonable care in determining a borrower's eligibility for a loan. *Ulrich v. Federal Land Bank of St. Paul*, 192 Mich. App. 1944, 199-200 (Mich. Ct. App. 1991). Since the Defendants here did not owe any duty to the Waacks, there is no basis upon which to allege negligence. Therefore, this claim must be dismissed.

C.

The Waacks have contended that the Defendants committed violations of the Michigan Consumer Protection Act ("MCPA"). However, Mich. Comp. Law §445.904(1)(a) states that the MCPA does not apply to "a transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." It is settled in Michigan that those state savings banks which conduct residential mortgage loan transactions fall under this exemption and, as such, are not bound by this law. *Newton v. West,* 262 Mich. App. 434, 441 (Mich. Ct. App. 2004); see also *O'Brien v. BAC Home Loan Servicing, LP,* No. 10-15136, 2011 WL 1193659, at *3 (E.D. Mich. Mar. 28, 2011) ("Courts have consistently applied the MCPA exemption to the mortgage business of regulated lending institutions."), *Chungag v. Wells Fargo Bank, N.A.,* No. 10-14648, 2011 WL 672229, at *4 (E.D. Mich. Feb. 17, 2011) ("Both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions."). Consequently, inasmuch as the claims in this lawsuit arise from a residential mortgage loan transaction, the Waacks' claims under this Michigan statute cannot stand because Bank of America falls under the statutory exemption to the MCPA. Thus, this claim is dismissed.

D.

There is also a contention by the Waacks, both of whom claim that they are entitled to damages arising out of the Defendants' acts of conversion. According to the law in Michigan, a claim for conversion applies to only to personal property. *See, Embrey v. Weissman*, 74 Mich. App. 138, 143 (Mich. Ct. App. 1977) ( property that is part of real property "cannot be subject of conversion."). Accordingly, the Waacks' claim of conversion by the Defendants must be dismissed.

E.

The Waacks' expansive next claim is for interference with contractual relations, libel, slander, and intentional infliction of emotional distress. Significantly, they fail to even mention their claims for libel and slander in the text of this count. Hence, these claims will be dismissed for the complainants' failure to allege any of the requisite elements.

With respect to their claim of interference with contractual relations, the Waacks have not proffered the elements necessary to state a claim. "The elements of tortious interference with a business relationship are the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and a resultant damage to the plaintiff." *Mino v. Clio School Dist.,* 255 Mich. App. 60, 78 (Mich. Ct. App. 2003). A reading of the complaint reveals that they have not even alleged the existence of a valid business relationship with a third-party. Therefore, this claim must be dismissed.

With respect to the Waacks' claim of an intentional infliction of emotional distress, a plaintiff must demonstrate "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich. App. 670, 674 (Mich. Ct. App. 1999). Furthermore, the Waacks must proffer a conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Fry v. Ionia Sentinel-Standard*, 101 Mich. App. 725 (Mich. Ct. App. 1980). The alleged conduct in this case does not approach this high threshold. In fact, the proffered evidence demonstrates that after the Waacks defaulted in their

respective obligations, the Bank of America had a right to proceed with foreclosure. Hence, this claim must be dismissed.

F.

Finally, the Waacks seek a declaratory judgment which, if granted, would set aside the foreclosure proceedings. However, as established above, they do not have any standing to assert an interest in the foreclosed property. Hence, they cannot bring a claim for equitable relief.

IV.

For the reasons that have been stated above, the Defendants' motion to dismiss (ECF 6) is granted in its entirety.

IT IS SO ORDERED.

Date: March 28, 2012
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 28, 2012.

s/ Kay Doaks
Case Manager